IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RODNEY JAMES REDMOND,

                                                ORDER

                Petitioner,

                                                09-cv-87-slc[1]

      v.

MS. LANDERS, JANET WALSH,
MARTHA BREEN, RYAN TOBIASZ
and MIKE VANDENBROOK,

                Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this proposed civil rights action brought under 42 U.S.C. § 1983, petitioner Rodney James Redmond contends that respondents violated his Eighth Amendment rights by failing to provide him with adequate mental health care. Petitioner seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915. In a previous order the court concluded that petitioner was indigent and directed him to make an initial partial payment, which the

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action. Therefore, for the purpose of issuing this order only, I am assuming jurisdiction over the case.

1

court has received.

Because petitioner is a prisoner, I am required under the 1996 Prison Litigation Reform Act to screen his complaint and dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. Having reviewed petitioner's complaint, I conclude that petitioner may not proceed at this time because his complaint does not comply with Fed. R. Civ. P. 8.

Under Rule 8, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007).

Petitioner alleges that he is "seriously mentally ill," that respondents are psychologists at the prison who have failed to provide "adequate" treatment for his mental illness and that he has harmed himself and engaged in other self destructive behavior because he has not received adequate mental health treatment. Unfortunately, these allegations are not sufficient to give respondents notice of his claim or to provide the grounds upon which his claim rests.

To prevail on a claim under the Eighth Amendment, petitioner must prove that he

2

has a serious mental health need, that respondents are aware of that need and that they have consciously disregarded petitioner's need for treatment by failing to take reasonable measures. Cavalieri v. Shepard, 321 F.3d 616 (7th Cir. 2003); Meriwether v. Faulkner, 821 F.2d 408, 413 (7th Cir. 1987). The biggest problem with petitioner's allegations is that they fail to explain whether and how each respondent knows petitioner has a serious mental health need. He alleges only that they are psychologists at the prison who have failed to provide him with treatment. If any of the respondents are unaware that petitioner needs treatment, they could not have violated his Eighth Amendment rights.

Accordingly, petitioner may have until March 27, 2009, to submit an amended complaint in which he identifies what each respondent knows about petitioner's mental illness. In addition, petitioner should identify *how* each respondent knows what he or she knows. For example, what did petitioner tell each respondent about his condition? If petitioner did not tell a particular respondent about his condition, did he or she learn that he needed treatment another way?

In his proposed amended complaint, petitioner should also include allegations about the following:

- What "serious mental illness" did petitioner have and why does petitioner believe he needs treatment for it?

- What treatment has petitioner received, if any? Why does petitioner believe

3

that his treatment is not "adequate"?

If petitioner fails to file a proposed amended complaint by March 27, 2009, the case will be closed.

ORDER

IT IS ORDERED that petitioner Rodney James Redmond may have until March 27, 2009, to file a proposed amended complaint that complies with Fed. R. Civ. P. 8 as described in this order. If petitioner fails to respond by that date, the clerk of court is directed to close the case.

Entered this 13th day of March, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge